IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER AZ and MONICA GUZMAN, Individually and On Behalf of All Similarly Situated Persons,<br>  Plaintiffs, | § § § § § | |
| V. | § § | CIVIL ACTION NO. 4:18-cv-0001 |
| YBARRA BROS., INC and ALBERT TROY YBARRA,<br>  Defendants. | § § § § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Alexander Az and Monica Guzman and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

### Parties

1. Plaintiff Alexander Az ("Az") and Monica Guzman ("Guzman"), are former employees of Defendants, and were personally engaged in interstate commerce during their employment with the Defendants, and they are represented by the undersigned.

2. Defendant Ybarra Bros., Inc ("YBI") is a Texas corporation that was an "employer" of Az and Guzman as that term is defined by the FLSA. With respect to Plaintiffs, YBI is subject to the provisions of the FLSA. YBI was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, with gross annual revenues in excess of $500,000. Defendant YBI may be served through its registered agent, Albert Troy

Ybarra at 4940 Fairmont Parkway, Pasadena, Texas 77505 or at 1650 Highway 6, Ste. 170, Sugar Land, Texas 77478 or wherever he may be found.

3. Defendant Albert Troy Ybarra ("Ybarra"), is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiff, Ybarra is subject to the provisions of the FLSA. Mr. Ybarra acted on behalf of Ybarra Bros., Inc. in setting the terms of wages and hours throughout the company, and running it on a day to day basis. Mr. Ybarra worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Albert Troy Ybarra may be served with process at 4647 E. Sam Houston Parkway, Pasadena, Texas 77505 or wherever he may be found.

**Jurisdiction and Venue**

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

**Factual Allegations**

6. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

8. At all times pertinent to this Complaint, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business(es).

9. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

11. Plaintiff Alexander Az was employed by the Defendants from July of 2016 until September of 2017 as a server, and was paid as an hourly, tipped employee. Az's duties included, but were not limited to, taking customer food orders, serving food to customers and cleaning tables. During his employment with Defendants, Az regularly worked in excess of 40 hours in a workweek. In fact, Plaintiff often worked 60 hours or more per week and was not paid properly by Defendants.

12. Plaintiff Monica Guzman was employed by the Defendants from 2015 until March 31, 2017 as a server and manager, and, when she worked as a server, was paid as an hourly, tipped employee. As a server, Guzman's duties included, but were not limited to, taking client food orders, serving food to clients, preparing silverware, cups with ice and chip baskets. During her employment with Defendants as a server, Guzman regularly worked in excess of 40 hours in a workweek. In fact, Plaintiff regularly worked 60 hours or more per week and was not paid properly by Defendants.

13. During their tenure with the Defendants, Plaintiffs regularly worked in excess of 40 hours per week, but they were not paid for all the hours they worked ("off-the-clock" time). For those few overtime hours that the Defendant did pay the Plaintiffs, they were paid an improperly low overtime rate. While working as hourly, tipped employees, Plaintiffs had to be logged into the Defendant's computerized point of sale system under their own personal log-in

code. Plaintiffs were instructed and required by Defendants to log out of the system from their own code and to log in with another code not attributable to any employee when their hours in a workweek came close to 40 hours. In this fashion, Defendants avoided paying Plaintiffs for overtime work and required Plaintiffs and their co-workers to work off-the-clock.

14. As servers, Plaintiffs were tipped employees, and were paid at an hourly rate of $2.13 or $4.00, with Defendants taking a tip credit as allowed under circumstances by the FLSA. Under the dictates of the FLSA and Federal Regulations related thereto, an employer is entitled to take a tip credit and to "pool" tips if the employer follows the proper legal requirements. Defendants failed to keep proper records of the tips received by their employees, improperly applied tips to employees not entitled to receive tips, and, upon information and belief, failed to actually pay all of the "pooled" tips to other employees and instead kept a portion of the withheld tips. Plaintiffs assert that, due to their illegal actions, the Defendants should lose the benefit of the tip credit and be required to pay the Plaintiffs (and Members of the Class as defined below) the difference between the amount paid and the minimum wage for all hours for which Defendants actually paid the employees, minimum wage (and minimum-wage rate overtime pay) for all hours not previously paid, and all tips withheld from Plaintiffs and Members of the Class.

15. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

16. Defendant Ybarra is an owner of YBI. Ybarra regularly made decisions that affected the working conditions and pay practices applicable to the Plaintiffs. Ybarra acted in the position of an "employer" as that term is understood under the FLSA in relation to the Plaintiffs and their co-workers, and is jointly and severally liable to Plaintiffs and Members of the Class along with YBI.

### Plaintiff's Individual Allegations

17. Plaintiffs were entitled to be paid their tips, to be paid for all hours worked, and to be paid the proper overtime premium for all work performed during the hours worked over forty-

(40)-hours in each workweek in which they worked.

18.     Defendants failed to pay the Plaintiffs all their tips, improperly took tips that were legally due the Plaintiffs, failed to keep proper records of the tips received by plaintiffs and violated tip pooling requirements.  Defendants further failed to pay Plaintiffs for all hours that they worked, failed to pay the required overtime premium in most workweeks that the Plaintiffs were employed by Defendants, as the Plaintiffs worked in excess of 40 hours in most weeks.

19.     Due to the Defendants' violation of the tip credit regulations and requirements, Defendants should lose the benefit of the tip credit, and be required to pay the Plaintiffs and Members of the Class the difference between the amounts paid and the FLSA-mandated minimum wage for all hours for which they were paid.  Defendants should also be required to pay Plaintiffs and Members of the Class at minimum wage (and minimum-wage calculated overtime) for all hours they were underpaid.  Finally, Defendants should be required to pay to Plaintiffs and Members of the Class all tips that were withheld by Defendants.

20.     No exemption or other legal reason excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked and from paying all tips earned, and the Defendants have not made a good faith effort to comply with the FLSA.

21.     The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs.  Such practice was and is a clear violation of the FLSA.  Defendants' knowing conduct is demonstrated by their intentional actions in requiring Plaintiffs and their co-workers to work off-the-clock as described in paragraph 13 above.

22.     Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

**Collective Action Allegations**

23. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendants make a regular practice of not paying servers for all hours worked, wrongfully withholding tips and underpaying for overtime pay that is actually paid, and pay other servers on the same basis as the Plaintiffs.

24. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs performing the same type of work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

25. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

26. The Defendants' failure to pay its servers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Members of the Class.

27. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working or from complying with FLSA tip

credit and tip pooling requirements, and the Defendants did not make a good faith effort to comply with the FLSA.  The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding tip credit and overtime compensation with respect to the Members of the Class.

28. Accordingly, a class of similarly situated Plaintiffs should be conditionally certified, and is properly defined as:

> **All persons employed on an hourly basis by Defendants Ybarra Bros., Inc. and/or Albert Troy Ybarra for whom Defendants took a tip credit during the three-year period preceding the filing of this Complaint.**

### CAUSE OF ACTION

**Violation of the FLSA – Failure to Pay Wages Owed And Tip Credit/Pooling Violations**

29. Defendants violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendants.

30. Plaintiffs and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

31. Defendants are liable to Plaintiffs and all Members of the Class for unpaid tips, unpaid minimum wages for the hours that Defendants paid Plaintiffs and Members of the Class less than the minimum wage or not at all, unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.  As stated previously, Plaintiffs contend that the Defendants should lose the benefit of the tip credit for its failure to comply with tip credit requirements.

### Demand for Jury

32. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Ybarra Bros., Inc. and Albert Troy Ybarra on an hourly basis and for whom Defendants took a tip credit during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**
**ALEXANDER AZ AND MONICA GUZMAN**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS**
**ALEXANDER AZ AND MONICA GUZMAN**